ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TANI WICKSTRUM, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 09-2444-JAR |
| DR. JACOB AMRANI, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's Motion to Continue Trial Setting (Doc. 45), filed on April 8, 2011. Defendant has responded and opposes the motion. As described more fully below, the Court denies plaintiff's motion to continue the May 23, 2011 trial date in this matter.

This medical malpractice case was originally filed in state court alleging negligence claims surrounding a posterior stabilization and fusion surgery on plaintiff's spine performed by defendant Dr. Jacob Amrani on November 7, 2005. Plaintiff alleges that the surgery resulted in a severe worsening of her condition. She further alleges that "Defendant was negligent in failing to inform me of all risks associated with the medical procedure and in making false representations and in failing to inform me of the likelihood of success and expected results."[1] According to plaintiff, she required examination, consultation, and treatment by a specialist named Dr. Lawrence Lenke in St. Louis, due to the severity of her post-surgical condition. Plaintiff advises in the form of a motion that she had been unable to obtain a referral to Dr.

---

[1] (Doc. 33, Ex. F, No. 5.)

Lenke while her state court case was pending, "presumably due to her pending litigation." As a result, plaintiff voluntarily dismissed her claims and the state court case was dismissed without prejudice on January 30, 2009.

As part of the order of dismissal, if the case was re-filed, any witnesses already deposed could not be deposed again unless by agreement of the parties, except that plaintiff could be deposed limited to the issues regarding additional care and treatment received since the dismissal and to update her current condition. If re-filed, the case was to be placed in the same procedural posture as it was at the time of dismissal to prevent any undue prejudice to defendant. If plaintiff elected to seek additional medical care after dismissal, the parties would be allowed to collect the updated medical records and discovery would be allowed to identify if there are new treating health care providers and to learn of the expected testimony of the treating health care providers, as well as discovery regarding plaintiff's health condition. But plaintiff was not allowed to seek additional expert witnesses regarding standard of care or causation.

Plaintiff contends that she waited as long as possible to obtain a referral to see Dr. Lenke, but was ultimately required to re-file her case in federal court on August 24, 2009 without having obtained this referral. On April 5, 2010, plaintiff served her Rule 26(a)(1) disclosures and identified no new treating physicians or witnesses. On May 28, 2010, plaintiff disclosed her expert witnesses from the state court matter. Plaintiff identified three treating physicians; she did not include Dr. Lenke as a treating physician or retained expert. In response to written discovery requests served on August 2, 2010, plaintiff did not identify any additional treatment since her state court case was dismissed, but stated that she "is scheduled to be seen by

2

Dr. Lamke [sic] in St. Louis."[2]  She indicated no expected date of treatment.

In her motion, plaintiff seeks a continuance of the firm trial date set in this case on May 23, 2011.  She indicates that she has been able to obtain an appointment with Dr. Lenke on April 20, 2011, after over two years of effort, and asks that trial be continued so that she may later obtain the medical records from this appointment and depose Dr. Lenke.  She argues that this is the only way that she will be able to present a current, complete picture of her physical state to the jury in this case.  She argues that her treating physicians have advised her that Dr. Lenke was "uniquely experienced and qualified to be able to assess and treat her."  Plaintiff attaches no supporting documentation to her motion.

It is within the Court's sound discretion whether to grant a motion to continue.[3]  The Court considers the following relevant factors:

> "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance. . . .   No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[4]

For substantially the same reasons identified by defendant in his response, the Court finds that a continuance is not warranted under the circumstances of this case.

First, the Court questions plaintiff's diligence in requesting this continuance.  She offers

---

[2](Doc. 46, Ex. D.)

[3]*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007).

[4]*Id.* (quoting *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987)).

3

no explanation as to the reason for the delay in obtaining an appointment with this treating physician. If she was unable to obtain an appointment due to her pending litigation in 2008, she fails to explain why she was unable to see Dr. Lenke before she filed her federal case and why Dr. Lenke is willing to see her now, despite the pendency of the instant action. This case has been pending for almost two years and discovery closed on June 28, 2010. The order of dismissal in the state court matter specifically constrained the discovery allowable in a later-filed action for the exact purpose of preventing delay and undue prejudice to defendant. Summary judgment was denied on February 2, 2011. This case has been in a trial-ready procedure for well over two months.

Next, the Court finds that the inconvenience to the Court, the witnesses and the parties resulting from the continuance weighs against granting the motion. The parties were provided with a firm trial date, discovery closed ten months ago, and the parties have already completed their dispositive motions. The Court has adjusted its schedule accordingly to try this case at the Kansas City, Kansas courthouse. Defendant advises that he now lives and works out of state and has already made arrangements to appear at the May 23 trial setting.

Furthermore, the Court finds that the prejudice to defendant associated with granting plaintiff's requested relief outweighs any prejudice suffered by plaintiff in not allowing a new treating physician to be designated at this late date. The order of dismissal in the state court case allowed for plaintiff to be placed in the same procedural posture in order to avoid the very prejudice to defendant that granting plaintiff's instant motion would create. Defendant relied on the lack of new treating physician designations and the fact that plaintiff indicated that she had not received any new treatment as of the date of the Pretrial Order, entered on September 7,

4

2010. This reliance led to defendant's decision not to request an independent medical examination and not to supplement its prior expert disclosures. And of course, if Dr. Lenke's opinion alters the existing claims of injuries and damages, the prejudicial effect of allowing this discovery is even greater.

Furthermore, defendant points to the fact that plaintiff has been provided ample time to secure evidence to support her claims of injuries and damages in this case. To be sure, she has already designated multiple treating physicians. Plaintiff's claim that Dr. Lenke is the only physician qualified to testify about her prognosis and current medical condition lacks any documentary support and is speculative given that she had never been evaluated by this physician. Given that plaintiff's request comes approximately six weeks before trial, the harm and prejudice to defendant greatly outweighs any harm to disallowing this untimely new discovery.

In short, plaintiff is obviously welcome to maintain her appointment with this physician on April 20, 2011. However, the Court will not continue the trial date in order to accommodate using any new discovery derived from this treatment. For all of the reasons explained, plaintiff has failed to make a showing that persuades the Court to continue the May 23, 2011 trial date.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Continue Trial Setting (Doc. 45) is **denied**.

**IT IS SO ORDERED.**

Dated: April 20, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE